## UNITED STATES DISTRICT COURT
for the
District of Maryland

| | |
|---|---|
| United States of America<br>v.<br><br>AVAUN JOHNSON,<br>a/k/a "Pop,"<br>a/k/a "Naw"<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 14-mj-01953<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 7, 2014__ in the county of __Anne Arundel__ in the _____ District of __Maryland__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute Heroin and Methylone |
| 18 U.S.C. § 924(c) | Possession of a Firearm in Furtherance of a Drug Trafficking Crime |
| 18 U.S.C. § 922(g)(1) | Possession of a Firearm by a Felon |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Gregory Rotberg, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 9/4/14

_____
*Judge's signature*

City and state: Baltimore, Maryland

Hon. J. Mark Coulson, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | *  Criminal No. 14-mj-01953 |
| AVAUN JOHNSON,<br>a/k/a "Pop,"<br>a/k/a "Naw," | * <br> * |
| Defendant. | * |

...oOo...

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Special Agent Gregory Rotberg, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a criminal complaint.

2. I am a Special Agent ("SA") with the U.S. Department of Justice, Bureau of Alcohol Tobacco, Firearms and Explosives ("ATF"), and have been since 2005. I have received specialized training in the investigation of violations of federal/state firearms and narcotics laws. In my current capacity, I am responsible for investigations of federal/state firearms and narcotics violations and the investigation of violent drug and firearm trafficking organizations.

3. Because this Affidavit is being submitted for the limited purpose of establishing probable cause for a criminal complaint, I have not included every detail of every aspect of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause. I have not, however, excluded any information known to me that would defeat a determination of probable cause.

4.     The information contained in this Affidavit is based upon my personal knowledge, my review of documents and other evidence, and my conversations with other law enforcement officers and other individuals. All conversations and statements described in this Affidavit are related in substance and in part unless otherwise indicated. Summaries and descriptions, including quotations, of recorded conversations are based on a review of audio recordings and draft transcripts thereof.

## PROBABLE CAUSE

5.     On January 21, 2014, a victim ("V1") was shot multiple times near 960 President Street, Annapolis, Maryland.

6.     V1 subsequently identified Avaun JOHNSON in two photo arrays and stated that JOHNSON was one of the shooters. Based on V1's identification of JOHNSON and other evidence, JOHNSON was charged with attempted first degree murder, and an arrest warrant was issued for him.

7.     On February 7, 2014, law enforcement officers established surveillance at JOHNSON's suspected residence at 407 Secluded Post Circle, Glen Burnie, Maryland. At approximately 11:03 a.m., the officers observed JOHNSON exiting the apartment building with a trash bag in his hand. JOHNSON saw the officers and ran back into the building toward apartment "D." In the vestibule, through the glass door, detectives observed JOHNSON attempt to enter an apartment. Detectives then ordered JOHNSON to open the vestibule door, which he did.

8.     JOHNSON was then arrested pursuant to the arrest warrant, and he was advised of his *Miranda* rights. Detectives performed a search incident to arrest and found a door key, which JOHNSON said would open the door to apartment "D."

9.     Detectives secured the trash bag, which JOHNSON had dropped on the floor to the right of apartment "D." Detectives searched the bag and found a clear, vacuum-seal bag with the top ripped off. Inside the bag, detectives found a small amount of greenish-brown leafy residue that smelled like marijuana.

10.    While waiting to be transported to Annapolis, JOHNSON waived his *Miranda* rights. He stated that anything police would find in the apartment belonged to him, and he also said that the illegal items in the apartment would send him away for a long time. Finally, JOHNSON offered to show detectives where everything was so the police would not mess up the apartment.

11.    JOHNSON was subsequently transported to the Annapolis Police Department. He spontaneously stated that the officers would find a gun in his apartment, and JOHNSON further stated that he would receive additional federal imprisonment because of the gun. (JOHNSON was previously convicted in *United States v. Avaun Johnson*, CCB-06-554, and he received a sentence of 78 months imprisonment).

12.    Shortly thereafter, officers applied for a state search and seizure warrant for 407 Secluded Post Circle, Apartment D, Glen Burnie, Maryland. The affidavit noted that V1 picked JOHNSON out of the photo array and identified him as the shooter; that the trash bag JOHNSON threw to the ground contained suspected marijuana; and that JOHNSON spontaneously stated

3

that the officers would find a gun in the house. A Maryland state judge authorized the search warrant.

13. The warrant was subsequently executed, and the key recovered from JOHNSON opened the door to Apartment "D." From the residence, the following items were seized:

   a. One black Bersa, model Thunder, .380 caliber, semi-automatic pistol, bearing serial number C45072 (located under the mattress in the bedroom);

   b. Two bundles of U.S. currency in the amount of $3,700 ($250 counterfeit) (located in a dresser drawer in the bedroom);

   c. Documents in the name of Avaun JOHNSON and a person with the initials T.S. (located on the dresser in the bedroom);

   d. Glove with one round of ammunition inside (located on the bedroom floor);

   e. Three bags containing 62.8 grams of heroin (a Schedule I controlled substance), baggies, a measuring spoon, and a digital scale (located in a drawer in the kitchen);

   f. One bag containing approximately 21.63 grams of methylone, which is a bath salt (a Schedule I controlled substance)[1] (located in a drawer in the kitchen); and

   g. A strainer, a grinder and a spoon in black plastic bag (located in kitchen cabinet).

14. At approximately 1:10 p.m., JOHNSON was interviewed and was again advised of his *Miranda* rights. JOHNSON waived his *Miranda* rights and stated that he and T.S. resided at the 407 Secluded Post Circle, Apartment D. He stated that he was a drug dealer and kept a

---

[1] The substance 3,4-methylenedioxy-N-methylcathinone (commonly referred to as "methylone") was placed into Schedule I of the Controlled Substances Act on April 12, 2013.

4

firearm at his residence. He also acknowledged that he might be charged federally. JOHNSON stated that he did not know V1.

15.   At approximately 8:00 p.m., JOHNSON was transported from the Annapolis Police Department to the Anne Arundel County Police Department, where he was charged with crimes relating to the items recovered from the apartment. JOHNSON advised members of the Anne Arundel County Police Department that the CDS recovered from the residence belonged to him and that his girlfriend had no knowledge of it. JOHNSON also stated that he thought the methylone was "Molly," which is a slang term for MDMA or ecstasy.

### 21 U.S.C. § 841(a)(1) Charge

16.   The Anne Arundel County Police Crime Laboratory later tested the seized items. The laboratory results confirmed that one plastic bag contained 62.88 grams of heroin, and one plastic bag contained 21.63 grams of methylone.

17.   Based on my training, knowledge, and experience, I believe that JOHNSON knowingly possessed the heroin and methylone with the intent to distribute them. First, JOHNSON possessed more than 60 grams of methylone and more than 20 grams of methylone, both of which are quantities that are more consistent with distribution than with personal use. Second, the narcotics were found in close proximity to several items that are used to divide and package narcotics for distribution, including baggies, a strainer, a spoon, a grinder, and a digital scale. Finally, JOHNSON admitted to detectives that he regularly deals drugs and admitted that the drugs found in the apartment belonged to him. For those reasons, I submit that there is probable cause to believe that JOHNSON knowingly possessed the heroin and methylone with the intent to distribute them.

## 18 U.S.C. § 924(c) Charge

18.     Additionally, based on my training, knowledge, and experience, I know that drug dealers frequently possess firearms to protect their drug stashes, to protect their illegal drug proceeds, and to intimidate others. Here, the firearm was found in the same room as $3,700 in cash, including $250 in counterfeit bills. Additionally, the firearm was not far from the drugs recovered from the kitchen of the apartment. I submit that there is probable cause to believe that JOHNSON possessed the firearm in part to protect his drug stash, to protect his drug proceeds, and to otherwise intimidate others engaged in the drug business.

## 18 U.S.C. § 922(g)(1) Charge

19.     The Bersa firearm was manufactured in Argentina, and it therefore traveled across international borders before JOHNSON possessed it.

20.     Additionally, the Bersa firearm was tested and found to be operable, and so it meets the federal definition of a firearm found in 18 U.S.C. § 921(a)(3)(A) because it was designed to expel a projectile by the action of an explosive.

21.     Prior to February 7, 2014, JOHNSON was convicted of a crime punishable by more than one year imprisonment. In 2004, JOHNSON was convicted of Possession with Intent to Distribute Narcotics in Anne Arundel County, and he was sentenced to three years imprisonment with all but 18 months suspended. In 2007, JOHNSON was convicted of Possession with Intent to Distribute Narcotics in the United States District Court for the District of Maryland, and he was sentenced to a term of imprisonment of 78 months in the custody of the Bureau of Prisons.

## **CONCLUSION**

22. Based upon the foregoing, I submit that there is probable cause to believe that Avaun JOHNSON did knowingly and intentionally possess with intent to distribute heroin and methylone in violation of 21 U.S.C. § 841(a)(1); did knowingly and intentionally possess a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); and did knowingly and intentionally possess a firearm after having been convicted of a crime punishable by more than one year imprisonment in violation of 18 U.S.C. § 922(g)(1).

Respectfully submitted,

_____
Gregory Rotberg
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Subscribed and sworn to before me on _____9/4_____, 2014

_____
Honorable J. Mark Coulson
United States Magistrate Judge
District of Maryland

14-mj-01953